STATE OF MAINE                          UNIFIED CRIMINAL COURT
KENNEBEC, ss.                           LOCATION: AUGUSTA
                                        DOCKET NO.: CR-2021-1488

STATE OF MAINE          )
                        )
        v.              )               ORDER ON DEFENDANT'S MOTION
                        )               FOR DISCOVERY SANCTIONS
AMANDA CRAY             )                                    AUGUSTA COUR
        Defendant       )                                    DEC 14 '22 PM3:

This matter came before the court on December 1, 2022, for hearing on defendant's motion for discovery sanctions. Defendant was present and represented by Attorney Scott Hess, Esq. The State was represented by Assistant District Attorney Tyler LeClair, Esq. Defendant seeks discovery sanctions for the State's failure to preserve and/or produce a video of the interaction with Defendant in the booking room following her arrest for OUI.

In this testimonial hearing, the court heard from the Augusta Police Department court officer and evidence technician, Christopher Hutchings as well as the City of Augusta IT employee, Corey Beaulieu. After the evidence closed the court took the matter under advisement. Having now considered the evidence and the oral arguments of counsel at hearing, the court makes the following findings of fact and conclusions of law:

The Augusta Police Department's video recording system is part of a larger data collection system which services the entire city. Videos created at the Augusta PD, are maintained, and stored, on a large server which also contains video data from other city entities such as the school department and public works. This system is maintained by the City of Augusta IT Department at City Center, and the server is hundreds of terabits in size. Stored videos are preserved on the server until the memory is full; which is typically after 30 days on the server. As storage reaches capacity, the system is set to automatically purge data according to the date created, from the oldest recordings to the newest. This process happens automatically and only those

IT employees with administrative credentials can access these controls. No one at the Augusta Police Department has such credentials.

In early October 2021, some secondary software stopped working. Rather than overwriting the storage with newer data, this software failure caused the overwriting function to stop whereupon new videos could not be written. On Friday October 1, 2021, the server displayed an alert, at approximately 5:18 pm, after the close of business. This alert stated that the server was at or nearing capacity. Rather than allowing the system to write to the hard drive, from this point on, no additional recordings were created or retained as the system was at capacity.

On October 2, 2021, Defendant, Amanda Cray, was arrested on suspicion of OUI. She was taken to the Augusta Police Department where she was administered a breathalyzer test in the department's "intoxilyzer room." This room is equipped with a video recording system. Following Defendant's arrest on October 2, 2021 (which was a Saturday), and the report writing and approval process, Augusta Court Officer Hutchings was requested to collect and preserve the video of Defendant in the intoxilyzer room. He attempted to do this on October 7, 2021, however Hutchings was unable to locate the video on the server. Hutchings contacted the City of Augusta IT employee, Corey Beaulieu for assistance. As a result of Hutchings inquiry, Beaulieu learned of the alert on the server and the subsequent failure of the system to collect any recordings. Beaulieu determined that the video did not exist after finding that the hard drive's secondary software, which was supposed to be purging the videos to create new space, failed. Instead of purging and overwriting, the system just stopped recording.

The Maine Rules of Unified Criminal Procedure provide that the State shall provide as automatic discovery "any written or recorded statements and the substance of any oral statements made by the defendant." (M.R.U. Crim. P. 16(a)(2)(C). This obligation of the State extends to materials that are within the possession or control of any member of law enforcement or its agency. The State has a duty to make a 'diligent inquiry' of its police agencies and

investigators to determine if automatically discoverable information exists in their files. *See State v Hassan*, 2018 ME 22, ¶19, 179 A.3d 898. "The State's duty, however, extends only to matters that are within its 'possession or control.'" *Id.*

The court finds that no recording of Defendant in the intoxilyzer room was created due to a software malfunction. Although the cameras appeared to be on and recording, the data was not written to the server. The officer made a diligent effort to locate the recording within a reasonable period of time after the stop (5 days). Recorded material of the stop and Defendant's actions at the time of the stop and during the field sobriety tests were properly preserved and provided in automatic discovery as required. The court finds no discovery violation.

For the first time in her oral argument, Defendant also raised an issue with the validity of the intoxilyzer result. This issue is preserved and should be the subject of a motion in limine prior to trial.

The entry is:

The Motion for Discovery Sanctions is DENIED.

Dated: December 9, 2022

Deborah P. Cashman
Justice, Maine Superior Court

Entered on the docket 12/19/22